UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYED AMIR SINA MIRMOTALEBI POURSOHI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY BLINKEN,<br><br>Defendant. | Case No. 21-cv-01960-TSH<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 12 |

## I.   INTRODUCTION

Plaintiffs Seyed Amir Sina Mirmotalebi Poursohi and Fatemehsadat Mirmotalebi bring this petition for writ of mandamus to compel Defendant Antony Blinken to adjudicate Mirmotalebi's immigrant visa application.  ECF No. 1.  They now move to strike Defendant's answer pursuant to Federal Rule of Civil Procedure 12(f).  ECF No. 12.  Defendant filed an Opposition (ECF No. 16) and Plaintiffs filed a Reply (ECF No. 18).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 5, 2021 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Plaintiffs' motion for the following reasons.

## II.   LEGAL STANDARD

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted).  Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on

United States District Court
Northern District of California

United States District Court
Northern District of California

1  the subject of the litigation.  If there is any doubt whether the portion to be stricken might bear on

2  an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*,

3  352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted).

4  "A court should only grant a motion to strike material for the five reasons specifically

5  discussed in the rule—namely, if it is '(1) an insufficient defense; (2) redundant; (3) immaterial;

6  (4) impertinent; or (5) scandalous.'" *Hernandez v. Aramark Food & Support Servs. Grp., Inc.*,

7  2020 WL 5507219, at *1 (N.D. Cal. Sept. 11, 2020) (quoting *Whittlestone*, 618 F.3d at 973).  A

8  matter is immaterial if it "has no essential or important relationship to the claim for relief or the

9  defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on*

10  *other grounds*, 510 U.S. 517 (1994).  Similarly, "'[i]mpertinent' matter consists of statements that

11  do not pertain, and are not necessary, to the issues in question." *Id.*  A matter is redundant if it

12  needlessly duplicates other material in the complaint.  *Whittlestone*, 618 F.3d at 974; *Figy v.*

13  *Lifeway Foods, Inc.*, 2016 WL 4364225, at *3 (N.D. Cal. Aug. 16, 2016) ("Redundant matter is

14  defined as allegations that constitute a needless repetition of other averments or are foreign to the

15  issue.") (simplified).  "'Scandalous' includes allegations that cast a cruelly derogatory light on a

16  party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal.

17  2000) (citation omitted).

18  "With a motion to strike, just as with a motion to dismiss, the court should view the

19  pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt,* 352 F. Supp. 2d

20  at 1057 (citing *In re 2TheMart.com*, 114 F. Supp. 2d at 965).  "Ultimately, whether to grant a

21  motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York*

22  *Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

23  When striking a claim or defense, leave to amend should be freely given if doing so does not cause

24  prejudice to the opposing party.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

25  ### III.  DISCUSSION

26  Plaintiffs argue that "[e]ven though many if not most of Plaintiffs' allegations were based

27  upon documents Defendants produced prior to litigation and many were confirmed by Defendants

28  themselves during litigation, in their answer, Defendants feign ignorance about various basic facts

that they could have easily confirmed." Mot. at 2. They request the Court strike Defendant's answers and deem admitted the allegations that comprise facts "where Defendants claim they lack sufficient knowledge or information to admit or deny, when those facts have already been revealed through submitted documents or the facts could have easily been confirmed if Defendants exerted a minimal effort." *Id.* at 2-3.

The Court finds Plaintiffs' motion should be denied as they have failed to establish any of the grounds set forth in Rule 12(f) for striking a pleading. As a preliminary matter, Plaintiffs do not seek to strike any of Defendant's affirmative defenses. As to the remaining four grounds, while Plaintiffs claim that Defendant's "blanket" denial of certain allegations "continues throughout the entire answer," Mot. at 4, they do not explain how any of these responses are redundant because they "constitute a needless repetition of other averments or are foreign to the issue." *Figy*, 2016 WL 4364225, at *3. Plaintiffs also do not argue that any of Defendant's responses are unnecessary or unrelated to the questions and claims at issue. Therefore, Plaintiffs have failed to establish that any of Defendant's responses are immaterial or impertinent. Nor do Plaintiffs claim that Defendant's responses are so derogatory as to be scandalous. Reviewing Defendant's answer in the light most favorable to him shows that his responses address Plaintiff's allegations directly without reference to extraneous or derogatory matters. *See, e.g., S.F. Herring Ass'n v. Pac. Gas & Elec. Co.*, 2020 WL 6736930, at *9 (N.D. Cal. June 15, 2020) (denying motion to strike because the court could not "conclude that these allegations have no possible bearing on the subject matter of the litigation such that it would be appropriate to strike them altogether") (simplified). Plaintiffs do not contend otherwise.

Rather than argue the applicability of any of the bases provided in Rule 12(f), Plaintiffs take issue with Defendant's answer because the facts set forth in their complaint "could have easily been confirmed if Defendants exerted a minimal effort." Mot. at 3-4. However, the alleged failure of a defendant to adequately verify the factual allegations in a complaint does not fall within one of the enumerated bases set forth in Rule 12(f) for striking matters from a pleading. Plaintiffs also argue Defendant's denials are "irresponsible, incorrect, and inexplicable," *id.* at 6, but challenges to the veracity or accuracy of a pleading concern the merits of the case and are,

therefore, not appropriate bases to strike a pleading. *See, e.g., In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *10 (N.D. Cal. Jan. 4, 2018) ("Rule 12(f) is not a mechanism for challenging the factual accuracy of a [pleading].") (simplifed); *Swain v. CACH, LLC*, 699 F. Supp. 2d 1117, 1124-25 (N.D. Cal. 2009) ("The Court finds that Defendants' challenges to the truthfulness of portions of Plaintiff's Complaint require the Court to make factual determinations that go to merits of the case, and such challenges are not appropriate under a Rule 12(f) motion to strike.").

In sum, because Plaintiffs have failed to establish any of the grounds set forth in Rule 12(f) for striking a pleading, and because Rule 12(f) motions are disfavored, the Court finds Plaintiffs' motion to strike should be denied.

## IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' motion to strike.

**IT IS SO ORDERED.**

Dated: July 29, 2021

THOMAS S. HIXSON
United States Magistrate Judge